(29 App. Div. 630.)

## AESCHLIMANN et al. v. PRESBYTERIAN HOSPITAL et al.

(Supreme Court, Appellate Division, First Department. May 13, 1898.)

1. PRINCIPAL AND SURETY—ACTIONS—DEFAULT OF PRINCIPAL—DEFENSES OF SURETY.

In an action on a contractor's bond, the failure of the contractor to plead does not conclude his sureties, who may avail themselves of any defense that was open to their principal, since they are not affected by his admissions.

2. MECHANICS' LIENS—FICTITIOUS CLAIMS—EFFECT.

Under the general mechanic's lien law, where the amount claimed in the notice of lien is intentionally exaggerated by pretense of a fictitious contract, for the purpose of enforcing a false and fabricated demand, the lien will not be allowed.

Appeal from special term.

Action by Charles Aeschlimann and another against the Presbyterian Hospital and others on a contractor's bond. There was a judgment for defendants, and plaintiffs appealed. Affirmed.

The following is the opinion of the court below (PRYOR, J.):

The position that, because of the contractor's default in pleading, the sureties may not question the amount of plaintiffs' claim, is surely untenable. Had judgment been recovered against the property, the sureties might have been concluded, for such is the condition of their covenant. Ringle v. O'Matthiessen (Sup.) 39 N. Y. Supp. 92, 94; Thomas v. Hubbell, 15 N. Y. 405. But the effort is to defeat such judgment, and sureties may avail of any defense that was open to their principal. 1 Wait, Act. & Def. 700. They are not to be affected by the admission of the principal. 2 Whart. Ev. § 1212. Upon a careful review of the evidence, I am still of the opinion, intimated at the trial, that the plaintiffs have failed to establish the alleged oral agreement of October 1, 1891. I conclude further that the contractors did not delay the work, and so are not responsible for plaintiffs' increased expense in the hire of laborers. It results, therefore, that the amount of plaintiffs' claim in the notice of lien is enormously exaggerated, and that this was done intentionally, by pretense of a fictitious contract, for the purpose of enforcing a false and fabricated demand. Hence the case is controlled by Goodrich v. Gillies, 66 Hun, 422, 21 N. Y. Supp. 400, with which nothing in Ringle v. Iron Works, 149 N. Y. 439, 44 N. E. 175, is observed to conflict. Complaint dismissed on the merits, with costs.

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

G. P. Smith, for appellants.
E. Goldmark, for respondents.

PER CURIAM. Judgment affirmed, with costs, on opinion of PRYOR, J., in court below.